IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WALKER LANE TAPP and CHRISTIAN DELK, and others similarly situated, | ) ) ) No. _____ |
| Plaintiff, | ) Judge: ) Magistrate Judge: |
| v. | ) ) |
| C.A.T.5 COMMUNICATIONS, INC., EZRA CATALDO and SAMUEL CATALDO, | ) FLSA COLLECTIVE ACTION ) ) JURY DEMAND |
| Defendants. | ) |

# COMPLAINT

Plaintiffs, Walker Lane Tapp and Christian Delk, on behalf of themselves and others similarly situated, bring this action against defendants C.A.T.5 Communications, Inc., Ezra Cataldo and Samuel Cataldo for claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA").

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs are former employees of defendants who worked for defendants in areas embraced within the Middle District of Tennessee.

2. Defendant C.A.T.5 Communications, Inc. ("C.A.T.5") is a Tennessee corporation having its principal place of business in Tennessee. CAT5 may be served with process through its registered agent, C.A.T.5 Communications, Inc., 215 Blackman Boulevard East, Wartrace, Tennessee, 37183.

3. Defendants Ezra Cataldo and Samuel Cataldo are owners and managing agents of

defendant C.A.T.5. They may be served with process at their place of employment at CAT5.

4. This case arises under the FLSA. The Court has jurisdiction under 28 U.S.C. § 1331.

5. The Court has personal jurisdiction over the parties, and venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the acts and omissions giving rise to this Complaint occurred in an area embraced within the Nashville Division of the Middle District of Tennessee.

6. Plaintiffs are former employees of defendants and others similarly situated to them are current or former employees of defendants and are or were covered employees under the FLSA.

7. Defendant C.A.T.5 is a covered employer under the FLSA. Defendants Ezra Cataldo and Samuel Cataldo acted directly or indirectly in the interest of defendant C.A.T.5 in relation to plaintiffs and others similarly situated and have been solely or substantially responsible for failing to pay plaintiffs and others similarly situated correct overtime compensation under the FLSA. Defendants Ezra Cataldo and Samuel Cataldo are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. In addition to the named plaintiffs, defendants employ and have employed employees similarly situated to plaintiffs within the last three years preceding the filing of this Complaint.

## II. FACTUAL BASIS FOR SUIT

9. Plaintiffs and others similarly situated worked for defendants as tower technicians, travelling in and out of the Middle District of Tennessee performing maintenance on

2

cellular telephone towers.

10. From the time plaintiffs and others similarly situated were hired until February 2024, plaintiffs improperly were paid a flat "day rate," regardless of the number of hours they worked.

11. Defendants corrected this unlawful pay practice for a period of time. Thereafter, defendants placed plaintiffs and others similarly situated on "salary," again not paying overtime compensation for hours worked in excess of forty (40) per workweek.

12. Additionally, defendants failed to pay plaintiffs and others similarly situated any compensation at all for certain weeks of work. In the case of the named plaintiffs, defendants failed to pay them at all for nearly four (4) weeks of work.

13. Plaintiffs and others similarly situated performed work in excess of forty (40) hours per week on a regular and repeated basis for which they were not compensated.

14. Hourly employees not exempt from the overtime requirements of the FLSA are entitled to overtime compensation for all time worked in excess of forty (40) hours per week. 29 C.F.R. § 778.101.

15. Under the FLSA, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

16. Plaintiffs and others similarly situated were regularly and repeatedly not compensated for overtime hours worked.

17. By not paying plaintiffs and others similarly situated any compensation for periods of time worked, defendants failed to pay plaintiffs and others similarly situated minimum

3

Case 3:25-cv-00301    Document 1    Filed 03/15/25    Page 3 of 6 PageID #: 3

wage.

18. Defendants' intentional failure to pay plaintiffs and others similarly situated overtime wages and minimum wage was not in good faith and was in willful violation of the FLSA.

19. As a result of defendants' willful violation of the FLSA, plaintiff and those similarly situated are entitled to recover liquidated damages pursuant to 29 U.S.C. Section 216(b), and/or prejudgment interest.

20. Defendants additionally violated the recordkeeping provisions of the FLSA by failing to keep records of the number of hours worked by plaintiffs and those similarly situated.

21. Plaintiffs bring this action as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, straight time compensation, minimum wage compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

22. In addition to plaintiffs, numerous current and former employees of defendants are similarly situated to plaintiffs with regard to their wages and damages, in that they have been denied proper compensation for at least three (3) years prior to the filing of this Complaint.

23. Plaintiffs are representative of those other current and former employees and are acting on behalf of their interests as well as plaintiffs' own interests in bringing this action. Those similarly situated employees are known to defendants and are readily identifiable, and may be located through defendants' records. These similarly situated employees may readily notified of this action and should be allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## III. CAUSE OF ACTION

24. The forgoing facts are incorporated by reference as if fully stated herein.

25. Plaintiffs, on behalf of themselves and others similarly situated, bring this action for defendants' willful failure to pay overtime wages and minimum wages in violation of the FLSA.

## IV. PRAYER FOR RELIEF

Wherefore, premises considered, plaintiffs demand the following relief:

1. Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former non-exempt employees of defendants during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked hours or overtime for which they were not properly paid;

2. A declaratory judgment that defendants have violated the overtime and minimum wage provisions of the FLSA as to plaintiffs and similarly situated persons who opt into this action;

3. A declaratory judgment that defendants' violations of the FLSA were willful;

4. An award to plaintiffs and others similarly situated who opt into this action of damages in the amount of unpaid compensation to be proven at trial;

5. An award to plaintiffs and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the overtime and minimum wage compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

6. An award to plaintiffs and others similarly situated who opt into this action of

reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b);

7. A trial by jury; and

8. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully Submitted:

/s/ Kerry E. Knox
Kerry E. Knox (TN BPR No. 23302)
117 South Academy Street
Murfreesboro, Tennessee 37130
(615) 896-1000
kek@castelliknox.com

/s/ Stephen W. Grace
Stephen W. Grace (TN BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
sgrace@sgracelaw.com